UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
FILED

OCT 2 6 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-408-GWU

ROGER WILLIAMSON,                                        PLAINTIFF,

VS:                     MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT,

## INTRODUCTION

Roger Williamson brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Williamson, a 33-year-old former grocery clerk, sales representative, dispatcher, general mine laborer, and meat cutter with a high school education,[1] suffered from impairments related to a back condition. (Tr. 20, 24). Despite the plaintiff's impairment, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 24-25). Since the claimant's past work as a dispatcher could still be performed, he could not be considered totally disabled. (Tr. 25).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Williamson could return to his past work as a dispatcher, the ALJ relied heavily upon the information provided by Vocational

---

[1] The plaintiff also has completed four years of college. (Tr. 20).

5

Expert Dean Owen. The hypothetical question presented to Owen included an exertional limitation to light level work along with such non-exertional limitations as (1) the need for a sit/stand-at-will option; (2) an inability to more than occasionally bend, stoop, or kneel; (3) an inability to ever climb, crouch or crawl; (4) an inability to twist or rotate from the waist or to reach from the floor to the waist; (5) an inability to operate heavy equipment, work around dangerous moving machinery or be exposed to vibration; and (6) a limited ability to maintain attention and concentration for extended periods. (Tr. 67-68). In response, the witness reported that such a person could still perform Williamson's past work as a dispatcher as it is performed in the national economy. (Tr. 68). Therefore, assuming that the vocational factors considered by Owen fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly depicted Williamson's condition as required by Varley. The question was compatible with the limitations identified by Dr. Phillip Tibbs, the plaintiff's treating neurosurgeon. (Tr. 158-159). Dr. Daniel Primm, an examining consultant, indicated that he agreed with Dr. Tibbs' restrictions and, so, the question was also consistent with his opinion. (Tr. 249). The question was essentially consistent with the limitations identified by Dr. Richard Sheridan (Tr. 157) and Dr. Anbu Nadar (Tr. 241), examining consultants as well as restrictions identified by Dr. Kenneth Phillips (Tr. 191-202) and Dr. David Swan (Tr. 227-235), the non-examining medical reviewers. Dr. Samuel King was the only physician to identify more severe restrictions than those found by the ALJ. (Tr. 279-280). Dr. King's opinion was offset and outweighed by that of Dr. Tibbs, the treating neurosurgeon, as well as those of the aforementioned physicians. Therefore, substantial evidence supports the administrative

decision.

Williamson asserts that the ALJ erred in dealing with the opinion of Dr. King, a treating physician. The plaintiff asserts that if the ALJ found Dr. King's findings to be inadequate, then the administrative regulations required him to recontact the treating source to seek clarification before issuing a denial decision. 20 C.F.R. Section 404.1512(e)(1). The ALJ did not find that Dr. King was a treating source, because he had only treated the plaintiff on two occasions in 2000 and once in 2001 before issuing his restrictions.[2] (Tr. 22). Even if the ALJ erred on this point, the administrative regulations provide that, "we generally give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist." 20 C.F.R. Section 404.1527(d)(5). Dr. Tibbs, was a treating specialist whose opinion was entitled to superior weight and recontacting Dr. King would not change this fact. Thus, recontacting Dr. King would not appear to serve a useful purpose in this particular instance since his opinion would still be outweighed by the treating specialist. Finally, while the case law on this question is very sparse, the Sixth Circuit Court of Appeals, in the unpublished opinion of Littlepage v. Chater 1998 U.S. Lexis 688 (6th Cir. January 14, 1998), determined that this duty to recontact a treating source was not triggered when it was apparent from the record that all of the treatment notes and information upon which the doctor based his opinion were already before the ALJ. In the present action, Dr. King does not appear to have relied upon information outside the current record. Therefore, Court must reject the claimant's argument.

---

[2] In the unpublished case of Daniels v. Commissioner of Social Security, No. 04-5709 (6th Cir. October 24, 2005), the Court indicated that a sporadic treatment history, consisting of only two or three visits, was not sufficient to meet the criteria for being a treating source.

7

The Court notes that Williamson submitted a medical record directly to the Appeals Council which was never seen by the ALJ. (Tr. 283-284). This action raises issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . "  42 U.S.C. Section 405(g). In the present action, the plaintiff has not met his burden of proof by adducing arguments as to why either "good cause" or "materiality" is established. Therefore, a remand of the action is not required.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __26__ day of October, 2005.

G. WIX UNTHANK
SENIOR JUDGE